1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANIEL HARPER,

11            Plaintiff,                    No. CIV S-07-2111 LEW GGH P

12        vs.

13   LT. R. WILLIAMS,

14            Defendants.                    ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20            Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments shall be collected

1    and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2    plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3            The court is required to screen complaints brought by prisoners seeking relief

4    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8    U.S.C. § 1915A(b)(1),(2).

9            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989); Franklin, 745 F.2d at 1227.

16           In reviewing a complaint, the court must accept as true the allegations of the

17   complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976),

18   construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the

19   plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

20           Plaintiff alleges that he was denied due process at a prison disciplinary hearing

21   and seeks money damages.  In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an

22   Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming that state

23   and county officials violated his constitutional rights, he sought damages for improprieties in the

24   investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial

25   ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter

26   charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from

1  custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the

2  complaint and held that:

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence that has <u>not</u>
> been so invalidated is not cognizable under 1983.

9  <u>Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for

10  damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the

11  conviction or sentence has been invalidated, expunged or reversed.  <u>Id.</u>

12         In <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court

13  held that <u>Heck</u> applies to challenges to prison disciplinary hearings when the nature of the

14  challenge to the procedures could be such as necessarily to imply the invalidity of the judgment.

15  <u>Edwards</u> rejected the Ninth Circuit's holding in <u>Gotcher v. Wood</u>, 66 F.3d 1097, 1099 (9th Cir.

16  1995) that a claim challenging only the procedures employed in a disciplinary hearing is not

17  barred by <u>Heck</u>.

18         Plaintiff's complaint will be dismissed with leave to amend within thirty days.  In

19  his amended pleading, plaintiff should set forth the finding of the hearing and demonstrate, if

20  there was a finding of guilt against plaintiff arising from the hearing, that any such finding or

21  judgment has been invalidated.[1]

22  \\\\\

23

24         [1]  The court notes that plaintiff states that the administrative grievance process is not complete with regard to the October 3, 2007, disciplinary hearing at issue.  Form Complaint, p. 2. Prisoners seeking injunctive and/or monetary relief are required to exhaust administrative remedies.

25  <u>Booth v. Churner</u>, 532 U.S. 731, 121 S. Ct. 1819 (2001).  While it is defendants' burden to raise and prove the absence of exhaustion, see <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003), this is

26  unlikely to prove difficult for a defendant, where plaintiff expressly concedes the point.

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

3  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

4  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

5  there is some affirmative link or connection between a defendant's actions and the claimed

6  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

7  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

8  allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

9  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

11  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

12  amended complaint be complete in itself without reference to any prior pleading.  This is

13  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

14  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

15  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

16  original complaint, each claim and the involvement of each defendant must be sufficiently

17  alleged.

18    In accordance with the above, IT IS HEREBY ORDERED that:

19    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

20    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

21  The fee shall be collected and paid in accordance with this court's order to the Director of the

22  California Department of Corrections and Rehabilitation filed concurrently herewith.

23  \\\\\

24  \\\\\

25  \\\\\

26  \\\\\

1          3. The complaint is dismissed for the reasons discussed above, with leave to file

2    an amended complaint within thirty days from the date of service of this order.  Failure to file an

3    amended complaint will result in a recommendation that the action be dismissed.

4    DATED:   12/5/07

                                        /s/ Gregory G. Hollows

5                                           _____

6                                            UNITED STATES MAGISTRATE JUDGE

GGH:009

7    harp2111.bnf

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26